JOE SHEPPARD, SR. V. STATE.

No. 24679. March 8, 1950.
Rehearing Denied May 17, 1950.

*Charles C. Smith, Jr.,* Cameron, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The appeal is from a conviction for the offense of cattle theft, a jury having assessed the punishment at three years' confinement in the penitentiary.

W. A. Gambrell was the owner of some nine head of mixed cattle which were being pastured in the Joe How pasture held under lease by said W. A. Gambrell. The pasture was located in Milam County, but both appellant and Gambrell resided on their respective lands in Williamson County.

On the morning of June 2, 1949, and while Gambrell was away on a trip, the cattle were seen in the Joe How pasture by John Beard, who was there to look after the cattle for Gambrell.

Gambrell returned from his trip that night, and on the following day discovered that seven of his cattle were gone.

Appellant sold a jersey heifer to Lee Lawrence on the streets of Taylor in Williamson County on the morning of June 3rd.

The heifer was then delivered to appellant's place of busi-

ness, and Lawrence later met appellant, who had the weight ticket, and gave appellant his check for $60.16 in payment of the heifer.

This heifer was identified by the owner and the witness Beard as being one of Gambrell's seven cattle missing from the Joe How pasture. Gambrell testified that the heifer was his milk calf and was born on his place.

When searching for the missing cattle, it was observed that a gap in the How pasture was open or the fence down at one point.

The route by road from the How pasture to the Gambrell place and running past appellant's 100-acre tract was described by several witnesses.

It was shown that appellant's house and most of his land was in Williamson County, the remainder being in Milam County; that the field fences were in bad condition and that appellant had been troubled by stock getting into his growing corn crop.

Appellant testified that the heifer sold by him in Taylor to Lee Lawrence was owned by him and had been so owned all of its life.

Appellant also testified that he had loaded the heifer and a cow in his trailer on his farm; that he had found the heifer and a cow also owned by him in his field with other cattle not owned by him, had put the neighbor's cattle out, and had tied the cow and heifer to a tree; that he later returned with his car and trailer and loaded the two cattle and carried them to Taylor; that he sold the cow to the operator of the slaughter house, and later sold the heifer to Lee Lawrence on the streets of Taylor.

It was shown that the field owned by appellant, in which he claimed to have found and loaded the heifer, was in Williamson County and outside of the 400 yard strip adjoining the boundary line of Milam County.

The indictment charged theft of one head of cattle.

On cross-examination, appellant testified that in addition to the cow and yearling sold in Taylor, he also sold five cows in

Lexington the next morning after the seven head of Gambrell's cattle were discovered to be missing.

Fred Gant, the constable at Thorndale, testified that appellant had admitted to him that he had sold Gambrell's cattle and requested that he go with him to Gambrell and let him get a settlement and pay Gambrell for the cattle.

This was denied by appellant in his testimony.

Appellant filed a motion for instructed verdict at the close of the state's testimony and another at the close of all of the evidence, and excepted to the court's refusal to charge the jury to acquit.

The contention that the evidence was insufficient to prove the taking of the animal and that it was taken in Milam County is the basis for such motions.

We hold that there was no error in the trial court's overruling such motions and exception.

The trial court was likewise correct in overruling appellant's motion to require the state to elect as to the theft of which animal of the seven lost by Gambrell would be relied upon for conviction.

The evidence as to such other cattle was properly received.

In his charge to the jury, the court submitted only the question of the theft of the one head of cattle alleged in the indictment, and instructed the jury that the evidence of appellant's having taken other cattle from Gambrell could not be used by the jury in determining the guilt of appellant in the case on trial.

Such charge amounted to an election, and was more liberal to appellant than was required under the facts.

The issue raised by the evidence as to the ownership of the heifer, and as to its being taken in Williamson County rather than in Milam County, if taken, was submitted to the jury, and resolved against appellant's contentions.

There is ample evidence in the record to sustain the jury's verdict.

All contentions raised by appellant have been considered, and no reversible error is found.

The judgment is therefore affirmed.

Opinion approved by the court.

## ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains of certain errors in our statement of the facts in the original opinion.

The keeper of this head of cattle alleged to have been stolen saw appellant near the pasture where this head of cattle was located prior to its being missed. Prior to June 3rd, he looked for such animal in the pasture where it and some others were located and found it, together with six others, to be missing. On June 3rd, appellant sold a Jersey heifer, identified as the missing animal, in Taylor, in Williamson County, to Mr. Lawrence. Immediately before the animal was missed, it was in Milam County in the Joe How pasture, and same was delivered to the purchaser in Williamson County on the following day.

There are other claimed inconsistencies in our orginal opinion relative to certain location of the residence of appellant, as well as the person claiming a loss of this animal, but such do not in anyway affect the final disposition of this cause, and are but mere constructions on the effect of the stated facts. The location of this animal at the time when it was taken was required by the court's charge to have been in Milam County, and the jury was properly instructed to acquit appellant unless they found such offense was committed in Milam County. Regardless of what county appellant lived in, the testimony evidences that the animal disappeared from a location that was in Milam County. Venue need not be proved beyond a reasonable doubt. When these cattle were last seen in their accustomed pasture, they were in Milam County. On the next day appellant sold one of them in Taylor, in Williamson County. We think the jury had the right to say that this animal was taken from its accustomed place in the How pasture in Milam County.

We think the original opinion has properly disposed of this matter, and the motion will be overruled.